UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PRESTIGE DISPLAY & PACKAGING, :
LLC,                          :
                              :    NO. 1:11-CV-00710
        Plaintiff,            :
                              :
    v.                        :    **OPINION & ORDER**
                              :
TEMPLE-INLAND, INC., et al.,  :
                              :
                              :
        Defendants.           :


        This matter is before the Court on Defendants' Motion to
dismiss and the responsive memoranda (docs. 9, 12, 13, 16, 17).
For the following reasons, the Court DENIES the motion.

**I.    Background & the Parties' Positions**

        Here on diversity of citizenship pursuant to 28 U.S.C. §
1332, this is a contract action brought by a Nevada company with
its principal place of business in Ohio against two Delaware
companies, each registered to do business in Ohio.

        According to Plaintiff's Complaint, on or about September
28, 2010, Plaintiff delivered to Defendants a quantity of
corrugated sheet pieces, and Defendants agreed to make specific
die-cuts on the materials so that Plaintiff could then provide
corrugated wing panel advertising displays to a third party with
whom it had contracted.  Plaintiff contends that this agreement
between Plaintiff and Defendant was memorialized in a writing
marked "Purchase Order SS1556," which it amended to the Complaint.

Plaintiff alleges that Defendants failed to properly die-cut the materials, rendering them unusable and costing Plaintiff over one million dollars in lost revenue and other damages.  Plaintiff thus brings two claims, one for breach of contract and the other for bailment.

Pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant moves to dismiss the Complaint on the basis that the agreement between the parties is not reflected in the Purchase Order but, instead, in a document they call the "Terms of Sale Contract," some pages of which they attached to their Reply (doc. 13).  Because the parties' agreement is governed by the Terms of Sale Contract, according to Defendants, the Court should dismiss this action because the Terms of Sale Contract contains a choice of venue clause, wherein the parties agreed that "jurisdiction and venue shall remain exclusively in Travis County, in the State of Texas" (Id.).  Defendants contend that, by virtue of that choice of venue clause, the Court lacks jurisdiction over this matter and argue that it should thus be dismissed.

Among other things, Plaintiff argues that this case is about the provision of services, which would not be controlled by the Terms of Sale Contract, as that applies by its terms to the sale of goods (doc. 12).  Consequently, Plaintiff contends that the Terms of Sale Contract is actually irrelevant to this action, and the Court has jurisdiction to hear the case.

2

## II.  The Applicable Legal Standards

Rule 12(b)(1) provides that an action may be dismissed for "lack of subject-matter jurisdiction." Fed.R.Civ.P. 12(b)(1). Plaintiffs bear the burden of proving jurisdiction when challenged by a Rule 12(b)(1) motion. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)(citing Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986)). "[T]he plaintiff must show that the complaint alleges a claim under federal law, and that the claim is substantial." Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc., 287 F.3d 568, 573 (6th Cir. 2002) (internal quotations omitted) (quoting Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1248 (6th Cir. 1996)). "The plaintiff will survive the motion to dismiss by showing 'any arguable basis in law' for the claims set forth in the complaint." Id. (quoting Musson Theatrical, 89 F.3d at 1248).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of

the party opposing the motion.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232,
236 (1974).  A complaint survives a motion to dismiss if it
"contain[s] sufficient factual matter, accepted as true, to state
a claim to relief that is plausible on its face." <u>Courie v. Alcoa</u>
<u>Wheel & Forged Products</u>, 577 F.3d 625, 629-30 (6th Cir. 2009),
<u>quoting</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), <u>citing</u> <u>Bell</u>
<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

 A motion to dismiss is therefore a vehicle to screen out
those cases that are impossible as well as those that are
implausible.  <u>Courie</u>, 577 F.3d at 629-30, <u>citing</u> Robert G. Bone,
*Twombly*, <u>Pleading Rules, and the Regulation of Court Access</u>, 94
IOWA L. REV. 873, 887-90 (2009).  A claim is facially plausible
when the plaintiff pleads facts that allow the court to draw the
reasonable inference that the defendant is liable for the conduct
alleged.  <u>Iqbal</u>, 129 S.Ct. at 1949.  Plausibility falls somewhere
between probability and possibility.  <u>Id</u>., <u>citing</u> <u>Twombly</u>, 550 U.S.
at 557.  As the Supreme Court explained,

> "In keeping with these principles a court considering a motion
> to dismiss can choose to begin by identifying pleadings that,
> because they are no more than conclusions, are not entitled to
> the assumption of truth. While legal conclusions can provide
> the framework of a complaint, they must be supported by
> factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement
> to relief." <u>Id</u>. at 1950.

 The admonishment to construe the plaintiff's claim
liberally when evaluating a motion to dismiss does not relieve a

4

plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), <u>quoting</u> <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).

## III. Discussion & Conclusion

Defendants argue that this Court lacks jurisdiction because of the forum-selection clause in the Terms of Sales Contract and move for dismissal on that basis. However, the presence of a forum selection clause does not divest the Court of jurisdiction, it merely offers the Court an opportunity to engage

5

in contract construction to determine whether the case should be dismissed for failure to state a claim or, in certain circumstances, should be transferred.  See Langley v. Prudential Mortg. Capital Co., LLC, 546 F.3d 365, 369 (6th Cir. 2008)(noting that a motion to transfer pursuant to 28 U.S.C. §1404(a) and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are the two procedural mechanisms for enforcement of forum-selection clauses). The Court has subject-matter jurisdiction of this case because the parties are here on diversity of citizenship, and the matter in controversy exceeds $75,000.  See 28 U.S.C. §1332.  Defendants have produced nothing to compel this Court to find that it has been divested of that jurisdiction.  In contrast, Plaintiff has shown that it has a basis in law for the claims set forth in the complaint, which is what is required to survive a 12(b)(1) motion. See Musson Theatrical, 89 F.3d at 1248.  Therefore, to the extent Defendants' motion is predicated on Federal Rule of Civil Procedure 12(b)(1), the motion is DENIED.

Plaintiff correctly notes that the real question before the Court is not whether the Court has jurisdiction over this matter but is, instead, "whether this Court should enforce a contractual provision of an alleged agreement between the parties" (doc. 16).  The short answer to that question is "not at this stage in the proceedings."  Plaintiff referenced the "Purchase Order SS1556" and premised its causes of actions on the alleged breach of

that agreement.  As noted above, Purchase Order SS1556 was attached to the Complaint as Exhibit A, making it properly before the Court for consideration.  See Rondigo, L.L.C. v. Township of Richmond, 641 F.3d 673, 681 (6th Cir. 2011) (without converting a motion to dismiss to one for summary judgment, court may consider exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein).  However, the Terms of Sales Contract was neither attached to nor explicitly referenced in the Complaint.  Defendants assert that Plaintiff's causes of action cannot exist outside of the contours of the Terms of Sales Contract because that agreement was signed by Plaintiff's representative, and, they contend, the die-cutting services they performed are properly seen not as services at all but as the sale of goods. Thus, the Terms of Sales Contract is impliedly referenced in the Complaint.  As such, Defendants maintain, the Court may properly consider it and may therefore enforce the forum-selection clause.

Defendants' position is problematic for at least two reasons.  First, the Court simply does not read Plaintiff's Complaint to impliedly reference anything.  The Complaint explicitly references the Purchase Order SS1556 and sets forth factual allegations from which the Court may plausibly infer the causes of action contained in the Complaint.  This satisfies the

7

requirements of <u>Twombly</u> and <u>Iqbal</u>.   See <u>Iqbal</u>, 129 S.Ct. 1937;
<u>Twombly</u>, 550 U.S. 544.   Under these circumstances, the Court
declines any invitation to impute extraneous meaning or infer
information not explicitly contained in the Complaint.   Federal
Rule of Civil Procedure 10(c) provides that "[a] copy of any
written instrument which is an exhibit to a pleading is a part
thereof for all purposes." "Rule 10(c) is permissive, and a
plaintiff is under no obligation to attach to his complaint
documents upon which his action is based." <u>Weiner v. Klais and
Co., Inc.</u>, 108 F.3d 86, 89 (6th Cir. 1997)(citing 5 Charles A.
Wright & Arthur R. Miller, Federal Practice and Procedure § 1327,
at 762 (2d ed. 1990)).   However, a defendant may introduce certain
relevant documents if the plaintiff fails to do so.    <u>Id.</u>
"Otherwise, a plaintiff with a legally deficient claim could
survive a motion to dismiss simply by failing to attach a
dispositive document upon which it relied." <u>Id.</u>   This policy
rationale behind allowing defendants to introduce certain documents
at the pleading stage is simply not implicated where, as here, on
the face of the complaint, the plaintiff has not failed to attach
"a dispositive document upon which it relied."

Second, as noted above, a court may indeed consider
documents that are referenced in and central to a plaintiff's
complaint, <u>when those documents are attached to a motion to
dismiss</u>.   Even if the Court were to agree with Defendants'

8

characterization of the Complaint, that it impliedly references the Terms of Sales Contract, Defendants did not attach that document to their Motion to Dismiss.   Oddly, in their motion to dismiss, Defendants repeatedly cite to "Exhibit A" of the Complaint but the citations are clearly not to Purchase Order SS1556, which is Exhibit A.   Instead, they appear to be citations to the Terms of Sales Contract, which, again, was not attached to either the Complaint or the Motion to Dismiss.   It was not until Defendants filed their reply to Plaintiff's response that Defendants put some portions of the Terms of Sales Contract before the Court.   This is simply too little, too late.

Defendants imply that if the Court does not agree with their position regarding the Terms of Sales Contract that the Court is somehow turning a blind eye to established principles of contract law.   This implication is based on an erroneous characterization of the issues before the Court.  Were the Terms of Sales Contract clearly applicable to this matter and properly before the Court, and were the Court to find it enforceable but then decline to enforce it, then, indeed, the Court would be ignoring well-established principles of contract law.  But that is not the posture of this case.  On the record before it, the Court cannot ascertain whether the Terms of Sales Contract should govern this matter and, assuming <u>arguendo</u>, that it does, the Court cannot determine, on this record, whether it is enforceable against the

parties.

        Consequently, Defendants' Motion to Dismiss is DENIED.

     SO ORDERED.


Dated: June 19, 2012       /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge